THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Misc. Case Number: _____

**IN RE CELEBREX (CELECOXIB)
ANTITRUST LITIGATION**

Civil Action No. 2:14-CV-00361
(Action presently pending in the Eastern
District of Virginia – Norfolk Division
Hon. Arenda L. Wright Allen)

**DIRECT PURCHASER CLASS PLAINTIFFS' MOTION TO COMPEL
COMPLIANCE WITH NON PARTY SUBPOENA DUCES TECUM
SERVED ON APOTEX CORP.**

Pursuant to Rule 26.1(g)(2) of the Local Rules for the Southern District of Florida and Fed. R. Civ. P. 45(c)(2)(B), and for the reasons set forth below and in the accompanying Memorandum of Law, Direct Purchaser Class Plaintiffs ("Plaintiffs"), through the undersigned counsel, move for an order compelling non-party Apotex Corp. ("Apotex") to produce subpoenaed documents in response to Requests no. 2 and 3 of Plaintiffs' May 11, 2016 Subpoena Duces Tecum, which seeks the following:

**Subpoena Request No. 2:**

Your sales data for generic Celebrex and/or authorized generic Celebrex in electronic format, at the transaction level, showing for each transaction from December 1, 2014 to the present the following:

 a. Date (of invoice, credit memo, accrual, or other appropriate date);
 b. Transaction type (sale, return, adjustment, reversal, free goods, chargeback, chargeback reversal, rebate, rebate reversal, etc.);
 c. Customer name;
 d. Bill-to customer address;
 e. Ship-to customer address;
 f. Dosage strength;
 g. Package size;
 h. NDC code;

1

    1. Units (including the correct sign: positive or negative);
    j. Dollar amount (including the correct sign: positive or negative);
    k. If the transaction is a charge back, detail concerning the purchases in respect of which the chargeback is being paid or accrued, including the customer name, invoice date, package size, dosage strength, NDC code, units, dollar amount, and the contract price; and,
    l. If the transaction is a rebate, explanation of the purchases in respect of which the rebate is being paid.

**Objection and Grounds**. Apotex objected to each specification in the subpoena. The objections relevant to Request no. 2, which is the subject of this motion to compel, are as follows: the information requested is irrelevant; the requests are otherwise overly broad and unduly burdensome because of the extraordinary cost that would be imposed on Apotex were it to collect, review and produce the documents requested therein; and the requests purport to require the production of highly confidential trade secrets and other business information, including, in particular, pricing and customer information in the highly competitive market for generic drug products.

**Reasons to Support the Motion**. Plaintiffs are prosecuting an antitrust class action in the Eastern District of Virginia alleging that Defendant Pfizer, Inc. ("Pfizer") violated the Sherman Act when it illegally procured (and enforced) a patent to delay entry of generic Celebrex (a/k/a celecoxib) drugs into the market. In 2013, Defendant Pfizer sued several generic companies, including Apotex (the "patent litigation"), alleging that their efforts to gain FDA approval for generic Celebrex would infringe Pfizer's patent.

Apotex prevailed and the patent at issue was held invalid. Apotex's sales data is relevant to Plaintiffs' case for three reasons: class membership, damages, and relevant market. First, the prices Apotex charged are relevant to the inquiry concerning what prices Plaintiffs would have been charged if generic celecoxib capsules had been made available earlier and without any illegally imposed royalty that Pfizer publicly described with respect to agreements it entered with

2

certain other generics that started selling their generic Celebrex prior to Apotex. Apotex did not have any agreement with Pfizer, and thus its pricing did not need to include any provision for royalties to Pfizer. However, as its competitors' prices may have been inflated as a result of an illegally imposed royalty, Apotex's pricing as a competitor may have been inflated as well. Second, Apotex's sales data is also relevant to the definition of a relevant market in this antitrust case because price changes at the time of a products' entry into the market are an important indicator of the extent, if any, the products act as economic substitutes for the allegedly monopolized products. Indeed, courts in antitrust cases such as this rely on evidence of price changes at the time of entry to define the relevant market. Third, Apotex's sales data is also potentially relevant to the identification of class members defined as purchasers of the brand or generic celecoxib. The sales data that Plaintiffs request is not unduly burdensome to produce and can be gathered by downloading the relevant information from Apotex's computerized sales records. Indeed, such data is routinely produced by non-parties in cases such as this, which concern claims of delayed generic entry, under the protections of similar protective orders. Finally, any concerns that Apotex has about the confidentiality of its sales data are ameliorated by the protective order in the antitrust case (which is substantially similar to the protective order in the patent litigation to which Apotex was a party along with Pfizer and several generic competitors).

The grounds for this Motion to Compel Discovery are more fully set forth in the accompanying Memorandum of Law filed this date in support of this motion.

**Subpoena Request No. 3:**

With respect to the data produced in response to Request No. 2 above, documents, such as a data dictionary or legend, sufficient to (a) define any codes or fields contained in the data whose meaning is not obvious; (b) explain whether quantity values for each transaction type should be included in calculating net quantity

3

sold, or should be ignored because they do not affect net quantity sold; ( c) explain how You determine accrued rebates and/or chargebacks, and how You reconcile accrued rebates and/or chargebacks with actual rebates and/or chargebacks; and, (d) if necessary, explain how to apportion or allocate rebates attributable to purchases of generic Celebrex or authorized generic Celebrex relative to purchases of other drugs.

**Objection and Grounds**.  The same objections that applied to Request no. 2 apply to Request no. 3.

**Reasons to Support the Motion**.  The requested information, to the extent it exists in documentary form, is necessary to adequately interpret, understand, and apply any data that is produced in response to Request no. 2.

WHEREFORE, Plaintiffs respectfully request that this Court enter an order granting this Motion and compelling Apotex to produce those documents listed in Request nos. 2 and 3 of the Plaintiffs' Subpoena Duces Tecum dated May 11, 2016.

## Certification Pursuant to Local Rule 7.1(a)(3) of Efforts to Resolve

Pursuant to Local Rule 7.1(a)(3), Counsel for the Direct Purchaser Plaintiffs, including Joseph Lukens of Faruqi & Faruqi, have met and conferred with counsel for Apotex, including Joseph Jolly of Foley and Lardner, in a good faith effort to resolve the issues raised in this motion but have been unable to do so.  Counsel have conferred numerous times by electronic mail and in several telephone conferences, including on telephone conferences on August 24, 2016, September 19, 2016, and October 18, 2016.  As a result of the conferences, Plaintiffs narrowed their requests and Apotex agreed to a limited production of its patent documents in response to Request no. 1 of the Subpoena, so that request is not the subject of this motion.  However, Apotex has refused to produce any of the data relating to its sales to the class of direct purchasers represented in Plaintiffs' antitrust case.

DATED: October 21, 2016

                                 Respectfully Submitted,

                                 */s/ Jayne A. Goldstein*

                                 POMERANTZ LLP
Jayne Goldstein (Fla. Bar. No. 0144088)
1792 Bell Tower Lane, Suite 203
Weston, Forida 33326
(954) 315-3454
jagoldstein@pomlaw.com

HAGENS BERMAN SOBOL SHAPIRO LLP
Thomas M. Sobol
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Tel: (617) 482-3700
Tom@hbsslaw.com

FARUQI & FARUQI LLP
Joseph Lukens
101 Greenwood Avenue, Suite 600
Jenkintown, PA 19046
215-277-5770
jlukens@faruqilaw.com

Counsel for Plaintiffs

## DECLARATION OF SERVICE BY E-MAIL

I, JAYNE GOLDSTEIN, not a party to the within action, hereby declare that on October 21, 2016, I caused the attached PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM NON-PARTY APOTEX CORP., to be served on the parties in the within action by e-mail addressed as follows:

**COUNSEL FOR RESPONDENT APOTEX, CORP.:**

| NAME | FIRM | EMAIL |
| --- | --- | --- |
| Joseph Jolly<br>James W. Matthews | FOLEY & LARDNER, LLP<br>111 Huntington Avenue<br>Boston, MA 02199<br>Telephone: 617/342-4000<br>Fax: 617/342-4001 | jjoly@foley.com<br><br>jmatthews@foley.com |

**COUNSEL FOR DEFENDANT PFIZER, INC.:**

| Dimitrios T. Drivas<br>Robert A. Milne<br>Brendan G. Woodard<br>Raj S. Gandesha | WHITE & CASE LLP<br>1155 Avenue of the Americas<br>New York, NY 10036<br>Telephone: 212-819-8200 | ddrivas@whitecase.com<br><br>rmilne@whitecase.com<br><br>bwoodard@whitecase.com<br><br>rgandesha@whitecase.com |
| --- | --- | --- |